CASE 22.—ACTION BY WILLIAM B. PHYSIOC AGAINST THE SOUTH COVINGTON & CINCINNATI STREET RY. CO., FOR DAMAGES FOR PERSONAL INJURY.— March 23, 1906.

# South Cov. & Cin. St. Ry. Co. v. Physioc

Appeal from Campbell Circuit Court.

ALBERT S. BERRY, Circuit Judge.

Judgment for plaintiff.  Defendant appeals.  Reversed.

Carriers—Street Railways—Injuries to Passenger—Negligence—Contributory Negligence—Evidence—Where plaintiff boarded a crowded street car, and stood·on the steps of the platform thereof while the same was running rapidly and approaching a sharp curve, of whose existence plaintiff had knowledge, it was contributory negligence on his part to release, for the purpose of paying his fare, his hold on the handhold, precluding him from maintaining an action for injuries received through being thrown from the platform as the car rounded the curve.

L. J. CRAWFORD for appellant.

PROPOSITIONS ADVANCED AND AUTHORITIES CITED.

1. The court erred. in overruling demurrer to petition.

(a) Things complained of not alleged to have been unknown to appellee.

(b) Curve and lurch not alleged to have been unnecessary, avoidable or unusual.  (L. & N. R. R. Co. v. Morris, 23 R., 448.)

2. Reply is insufficient.  Does not deny negligence on appellee's .part, contains only legal conclusions, and negation of a negative.

3. Error in overruling motion for judgment on pleading.

4. Error in overruling motion for peremptory instruction.

(a)  Appellant not negligent.

(b) Appellee guilty of contributory negligence.

5. Verdict excessive and contrary to evidence.

6. Error in overruling motion for judgment non obstante veredicto.

7. Instructions erroneous.

(a) Confusing and misleading.

(b) No. 1 not complete and refers to petition.

(c) Converse of No. 1 not given.

(d) No. 2 calls special attention to certain fact, giving them undue prominence. This is error. See: (L. & N. R. R. Co. v. Banks, 17 R., 1065; Moran v. Higgins, 19 R., 456; Jones v. Jones, 102 Ky., 450; Taulbee v. Moore, 21 R., 378; Times Dist'g Co. v. Zehnder, 21 R., 753; Traveler's Ins. Co. v. Clarke, 22, R., 902; Bowling Green Stone Co. v. Capsha, 23 R., 945.)

(e) By No. 3, it is intimated that jury may consider things not mentioned in petition or instruction and gives undue prominence to certain facts.

(f) "Negligent," "negligence," "contributory negligence," not defined, etc. Error—See authorities next below.

(g) Care not limited to "that ordinarily exercised by ordinarily prudent persons." Error—See: (Sullivan's Adm'r v. Louisville Bridge Co., 9 Bush, 81; Richmond & Lexington Turnpike Co. v. Foley, 5 Ky. Law Rep., 425; Bogenschutz v. Smith, 84 Ky., 330 to 343; Louisville Ry. Co. v. Park, 96 Ky., 580; Louisville Railway Co. v. Weams, 80 Ky., 420; Beaver, &c., v. Bowen, 26 Ky. Law Rep., 291 to 293; Davis v. Paducah Ry. & Light Co., 24 Ky. Law Rep., 135 to 137; Houghton v. Louisville Ry. Co., 26 Ky. Law Rep., 393; South Cov. & Cin. St. Ry. Co. v. Riegler's adm'r, 26 Ky. Law Rep., 666 to 669; Ky. Central R. R. Co. v. Dills, 4 Bush, 593 to 596.)

(h) Erroneous instruction not cured by instruction "A," which relates only to contributory negligence.

HULKER & HULKER and THOS. L. MICHIE for appellee.

1. Appellee was accepted as a passenger and his fare had been collected while standing on the platform by reason of the car being overcrowded, and appellant had its election to accept him as a passenger in that position, and, having so accepted him it was its duty to use care in the operation of the car commensurate with the situation and with its knowledge of appellees position.

2. The negligence of appellee consisted in running its car over a sharp curve at a rapid and unreduced speed and in having its curves so constructed that the violence of a sudden lurch of the car at that point was unusual.

OPINION OF THE COURT BY JUDGE BARKER—Reversing.

On the 24th day of March, 1903, the appellee, who lives in Newport, Ky., boarded a street car of the appellant company which was so crowded that he remained standing on the steps of the platform, and held on with his right hand to an upright iron bar fastened to the car, called in the record a "handhold," in order to avoid falling or being thrown off. While he was riding in this position, the conductor, who was inside the car when he boarded it, came to the rear door and called for his fare. Appellee had placed his fare in a pocket on the right side of his overcoat, and in order to get it out, released his grasp upon the "handhold," and, as he did so, the car, which was going at a rapid rate of speed, reached a curve, in rounding which appellant was thrown, or forced to jump, from the platform to the ground, by the lurching motion incident to the sudden change of direction, which so jarred him that he suffered a rupture, and was thereby permanently injured. Although the car stopped for him, he did not again get aboard but waited and took another, and went to his place of business in Cincinnati. To recover damages for the injury received as above narrated, he instituted this action in the Campbell circuit court, alleging that the accident was due to the negligence of the appellant company in the operation of its car. The essentials of his cause of action are contained in the following excerpt from the petition: "Plaintiff says that he was injured as aforesaid by and through the wrongful and willful neglect and default of the defendant in this, to-wit, that the defendant wrongfully, willfully, and negligently constructed and

maintained its street railway track at and over the intersection of Third street and Washington avenue with a curve which was liable to cause its said street car to lurch in going over said curve, and also that the said defendant wrongfully, willfully, and negli-gently ran its said car over the said curve with great and unusual speed, whereby the said street car was caused to lurch in passing over said curve, and also that the said defendant wrongfully, willfully, and negligently caused, suffered, and permitted its said street car upon which plaintiff was a passenger as aforesaid to become and to remain crowded with passengers so that plaintiff was compelled to stand and remain upon the rear platform of the said car while passing around the said curve. Whereby, by and through the neglect and default of the defendant as hereinbefore stated, the plaintiff was thrown from the said car, and thereby injured as hereinbefore stated.'' The appellant company placed in issue all of the allegations of the petition, and pleaded con-tributory negligence on the part of the appellee, and the issues were completed by reply denying the affirmative allegations. A trial resulted in a verdict and judgment for the appellee (plaintiff) in the sum of $5,000, from which this appeal is prosecuted.

On the trial of the case two grounds of negligence were relied on: First, that the appellant company permitted its rear platform to become so over-crowded that the appellee was compelled to remain standing thereon; and, second, that it was propelled around the curve at so rapid a rate that he was thrown from his position on the platform by the re-sulting lurch when the car suddenly changed its direction. When the appellee took passage on the car he knew of its crowded condition, and boarded it voluntarily in preference to waiting for one less

crowded. In his evidence he made the following statement with reference to his position on the platform, and the manner and cause of his injury: "I hailed the car there this morning, and it was very crowded, and the nearest I could get on was to hang on with my toes on the platform; and I stood in that position and rode facing about southwest. I was standing about this position (illustrating), holding on an upright bar that goes up and down the body of the car; and when the car was going at a pretty rapid gait, faster than ever I seen it; and I just thought at the time that the conductor was behind, because he had not got his fares up then. I usually can get my fare in as soon as I get on the car at that point; and he touched me for my fare as the car was going down the grade there from Monmouth street to this curve, * * * and as we approached this curve going fast the conductor was inside the car, and he came to the door, and he asked me for my fare. I released my hold and got the change out of my ticket pocket, overcoat pocket, and as I reached it to him and he got it, this car hit the curve and it twisted me, throwed me in that direction; and I had run across pretty near the length of this room before I recovered my equilibrium to stand on my feet. Of course I felt angry about it. I might have swore a little, but I would not get back on the car. I walked the other square to the bridge, and took another car." On cross-examination he said, in answer to the question, "And knowing that to be the case, standing by the edge of the platform, did you release your hold upon the upright bar?" "A. Well, I was cognizant of the fact that we were on or near that curve. I was facing in the direction that I could not see back of me, and I didn't know that we were at that point. If I had seen that we were coming up to that danger

there, I would have protected myself, I would not have paid my fare, I would not have let go, I would have taken care of myself, because I think that is every man's position, to take care of himself. Q. How could you have protected yourself? A. I could have held on tighter. I know very well it could not have swung me off if I had held to it because I am strong enough to hold my weight up." Again: "Q. In what other way could you have protected yourself besides holding with your right hand? A. I don't know any other way only if I had retained hold of that bar till the car had passed that curve I know I could have held on, because I know you get a pretty hard jolt when going slow, and this car was going rapidly. I believe if I had held on to it; it might have swung me a little, but I do not think it would have thrown me at all if I had hold of the bar."

Two things are patent upon appellee's own statement: First, that he boarded the car voluntarily when it was so crowded that he was compelled to stand on the platform; second, that even there he was perfectly safe until he released his grasp on the "handhold." This he did voluntarily. The conductor did not force, or even ask him, to do so, or know that this was necessary in order for him to pay his fare. Appellee knew the car was running rapidly, and that there were curves in the track, for he, in another part of his testimony, states that he had traveled the line twice daily for three or four years. It is true, he did not have it in mind that he was so near the curve, but when he released his grasp, the retention of which made his otherwise perilous position on the platform secure, this was a voluntary act for which the company was in nowise responsible. The request of the conductor, that he pay his fare, was not of that urgency which required him to imperil

life or limb in an effort to comply with it. He could have. explained to the conductor his position, or he could have crowded in further, or requested the con-ductor to stop the car and let him get off, rather than place himself in the peril which was involved in his releasing his grasp of the "handhold" while the car was being rapidly propelled along the track. It was not the striking of the curve at too rapid a rate that threw him to the ground, but, according to his own statement, this was the result of his releasing his grasp on the "handhold" of the car.

There is nothing in this record that tends to show that any act or omission on the part of the company was the proximate cause of appellee's injury; but, on the contrary, his own statement shows beyond question that he was injured by his own reckless negligence in releasing his grasp of the "hand-hold" while standing on the edge of the plat-form of the car. It takes but little familiarity with street cars and natural laws to know that if a pas-senger stands on the edge of the platform, without holding on to something to prevent him from falling, when the car strikes a curve—whether it be going fast or slow—he is in great danger of being thrown off. Appellee knew this, and, so knowing, he had no right—at the expense of the company—to imperil his life or limb in the manner which his own state-ment shows he did. His negligence in this matter is too plain for dispute.

The trial court should have sustained appellant's motion for a peremptory instruction to the jury to find for it at the close of appellee's testimony; and for this reason the judgment is reversed for proceed-ings consistent herewith.

Petition for rehearing by appellee overruled.